# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUERNICA JEAN-JACQUES, individually and on behalf of others similarly situated,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>HILTON EL SEGUNDO LLC, et al.,<br>　　　Defendants. | CV 20-4754 DSF (Ex)<br><br>Order GRANTING Plaintiff's Motion to Remand (Dkt. 27) |

　　　Plaintiff Guernica Jean-Jacques moves for remand. Dkt. 27. Defendant Hilton El Segundo LLC (Hilton) opposes. Dkt. 34. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for November 2, 2020 is removed from the Court's calendar. For the reasons stated below, the motion is GRANTED.[1]

---

[1] There is some disagreement between the parties over whether their pre-motion conference pursuant to Local Rule 7-3 took place on September 9, 2020 or September 22, 2020 – the day before this Motion was filed. Compare Mot. at ii with Opp'n at 2-4. The parties agree that on September 9, 2020 counsel for both parties had a telephone call in which Jean-Jacques' counsel (1) stated that Jean-Jacques intended to file an amended complaint that would not assert any federal claims and subsequently seek remand, and (2) inquired if Hilton would agree. Opp'n at 3. This conference demonstrates substantial compliance with Local Rule 7-3. However, the Court instructs

## I. BACKGROUND

On November 25, 2019, Jean-Jacques brough this action in state court. Dkt. 1 (Notice of Removal) ¶ 1. Her Third Amended Complaint (TAC) alleged claims of negligence, denial of full and equal access to public facilities, unfair business practices, breach of contract, and violations of the Americans with Disabilities Act (ADA) and Unruh Civil Rights Act (UCRA). Dkt. 1-6. All claims except the ADA claim were state law causes of action. On May 28, 2020, Hilton removed the case based on the court's original jurisdiction over the federal question and supplemental jurisdiction over all other claims. Notice of Removal ¶ 10. The Notice of Removal did not assert diversity jurisdiction a ground for removal.

Hilton subsequently brought a motion to dismiss the TAC in its entirety. Dkt. 16. The Court dismissed Jean-Jacques' ADA claim and declined to exercise supplemental jurisdiction over the remaining claims. Dkt. 24 (Order) at 7. Jean-Jacques amended the complaint to assert only claims for negligence, denial of full and equal access to public facilities, unfair business practices, and breach of contract. Dkt. 26 (4thAC). Jean-Jacques did not re-allege the ADA and UCRA claims. Id.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet

---

Jean-Jacques' counsel to take greater care in the future to ensure they try in earnest to reach a resolution at the pre-motion conference.

its burden of establishing subject matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

### III. DISCUSSION

Jean-Jacques moves for remand because the 4thAC no longer pleads any federal claims. Mot. at 1. Hilton argues the Court should retain the case because there is diversity jurisdiction or, alternatively, if there is no diversity jurisdiction, dismiss the case. Opp'n at 2.

### A. Diversity Jurisdiction

Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the action is between parties who are citizens of different states. 28 U.S.C. §§ 1332, 1441. "[F]ederal removal jurisdiction on the basis of diversity . . . is determined (and must exist) at the time the complaint is filed and removal is effected." Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002).

Jean-Jacques contends that diversity jurisdiction does not exist here because (1) Hilton did not raise diversity jurisdiction in its notice of removal, and (2) Hilton has failed to meet the amount in controversy requirement. Dkt. 36 (Reply) at 2-4.

A notice of removal must include all grounds for removal and may not be amended to add an additional basis for removal after the thirty-day window to file it has passed. See ARCO Env't Remediation, L.L.C. v. Dep't of Health and Env't Quality of Mont., 213 F.3d 1108, 1117 (9th Cir. 2000); O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1381 (9th Cir. 1988) ("[T]he defendant must state the basis for removal jurisdiction in the petition for removal."). Here, Hilton's Notice of Removal did not allege diversity jurisdiction. See Notice of Removal. To adequately allege diversity jurisdiction, a notice of removal should "allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Hilton's Notice of Removal does not allege either party's citizenship nor does it mention diversity jurisdiction as a grounds for removal.

Hilton relies on Williams v. Costco Wholesale Corp., 471 F.3d 975 (9th Cir. 2006) to argue that because this action was properly removed in the first instance, it is irrelevant that Hilton did not include diversity jurisdiction in its Notice of Removal. Opp'n at 9-10. In Williams, the Ninth Circuit held that "[o]nce a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." 471 F.3d at 977. Here, however, the grounds for diversity jurisdiction are not apparent from the 4thAC. The 4thAC does not include allegations as to the citizenship of any party or the amount in controversy. See generally 4thAC. Williams is therefore inapposite. See Ghazaryan v. Wells Fargo Bank, N.A., 42 F. Supp. 3d 1341, 1342 (C.D. Cal. 2014) (holding that Williams was inapplicable because the defendant's "purported South Dakota citizenship" was not "apparent from the complaint").

"Nothing is to be more jealously guarded by a [federal] court than its jurisdiction." In re Disciplinary Action Against Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988), overruled on other grounds by Partington v. Gedan, 923 F.2d 686 (9th Cir. 1991). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Because doubt exists here, the Court finds it does not have diversity jurisdiction.

## B. Dismissal or Remand

The Court has already found that the exercise of supplemental jurisdiction over Jean-Jacques' state claims is not appropriate. Order at 7 ("Having dismissed Plaintiff's only federal claim, the Court declines to exercise supplemental jurisdiction because the balance of the equities does not 'tip in favor of retaining the state-law claims.'" (quoting Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010))). Because the Court does not have federal question or diversity jurisdiction and has declined to exercise supplemental jurisdiction, it must decide whether to remand the case to state court or dismiss it altogether.

Following dismissal of all federal claims, a federal court may properly dismiss the action for lack of jurisdiction or remand the remaining state law claims to state court. Remand is "preferable" to dismissal because it avoids any statute of limitations problems and the time and expense of filing new pleadings in state court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351-53 (1988) ("Even when the applicable statute of limitations has not expired, a remand may best promote the values of economy, convenience, fairness, and comity.").

Hilton's argument that remand is inappropriate here because the Court has already dismissed Jean-Jacques' state law claims, Opp'n at 11, is irrelevant. The Court dismissed Jean-Jacques' state law claims without prejudice, not on the merits but because it declined to exercise supplemental jurisdiction over them. Order at 7. That has no bearing on whether the claims should now be remanded. Because remand is preferable to dismissal, the Court GRANTS Jean-Jacques' Motion to Remand.

## IV. CONCLUSION

Jean-Jacques' Motion to Remand is GRANTED. The case is REMANDED to the Superior Court of the State of California, County of Los Angeles.

IT IS SO ORDERED.

Date: October 26, 2020

Dale S. Fischer
United States District Judge